UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

ALAN C.E.,

                Petitioner,

v.

PAMELA BONDI, *United States Attorney General*;

KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*;

U.S. DEPARTMENT OF HOMELAND SECURITY;

TODD M. LYONS, *Acting Director, Immigration and Customs Enforcement*;

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; and

DAVID EASTERWOOD, *Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement*;

                Respondents.

Civil No. 26-1286 (JRT/SGE)

**MEMORANDUM OPINION AND ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

---

Brian D Clark and Laura Matson, **LOCKRIDGE GRINDAL NAUEN PLLP**, 100 Washington Avenue South, Suite 2200, Minneapolis, MN 55401; and Katie Kelley, **CHESTNUT CAMBRONE PA**, 100 Washington Avenue South, Suite 1700, Minneapolis, MN 55401, for Petitioner.

David W. Fuller and Jesus Cruz Rodriguez, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 for Respondents.

Petitioner Alan C.E. was detained by U.S. Immigration and Customs Enforcement ("ICE") officials on February 10, 2026. (Verified Pet. for Writ of Habeas Corpus ¶ 23, Feb. 10, 2026, Docket No. 1.) The same day, Petitioner filed a petition for writ of habeas corpus, challenging the lawfulness of his detention. (*Id*.) Because the Court concludes that Petitioner is being detained unlawfully, the Court will grant the petition and order Petitioner's immediate release.

## DISCUSSION

Petitioner Alan C.E. is a citizen of Mexico and a resident of Hopkins, Minnesota. (Pet. ¶ 15.) He has a pending asylum application. (*Id.* ¶ 16.) After Respondents detained Petitioner, they moved him out of Minnesota.[1] (*See* Mem. Supp. Mot. Contempt, Feb. 12, 2026, Docket No. 6.)

Respondents rely on 8 U.S.C. § 1225(b)(2) to justify Petitioner's detention. The Court rejects that justification. After thorough review of the parties' filings, the Court concludes that the legal issues presented by Petitioner's habeas petition are subject to the same analysis the Court recently employed in *Herrera Avila v. Bondi*, Civ. No. 25-3741, 2025 WL 2976539 (D. Minn. Oct. 21, 2025); *Romero Santuario v. Bondi*, Civ. 25-4296, 2025 WL 3469577 (D. Minn, Dec. 2, 2025); and *Iishaar-Abdi v. Klang*, Civ. No. 25-4686, 2025 WL

---

[1] Respondents raise no jurisdictional arguments in this case.

3764853, at *1 n.2 (D. Minn. Dec. 30, 2025). Section 1225(b)(2) does not authorize the mandatory detention of an individual already present in the United States.

Respondents urge the Court to find that Petitioner, as an asylum seeker, is "'seeking admission' through his pending asylum application[.]" (Resp. at 5, Feb. 13, 2026, Docket No. 10.)[2] As support, Respondents cite a single out-of-district court case, *Chen v. Almodovar*, Civ. No. 25-8350, 2025 WL 3484855 (S.D.N.Y. Dec. 4, 2025). There, the court held that an "applicant for admission" includes both arriving noncitizens and those who, although already physically present within the United States, have not been admitted into the United States. *Id.* at *4. As outlined in *Mahamed C.A. v. Noem*, *Chen* is an outlier among the judicial consensus across the country. Civ. No. 25-4551, 2025 WL 3771299, at *3 (D. Minn. Dec. 16, 2025), *R&R adopted sub nom.*, *Awaale v. Noem*, Civ. No. 25-4551, 2025 WL 3754012 (D. Minn. Dec. 29, 2025). Indeed, *Chen* has not been followed by any other court in the Southern District of New York—or the Second Circuit more broadly. *Id.* (collecting cases).

As the Court has previously stated, the filing of an asylum application by Petitioner does not affect the Court's analysis under *Herrera Avila* and *Romero Santuario*. *Iishaar-Abdi*, 2025 WL 3764853, at *1 n.2. Nor have other courts in this district drawn a distinction between applicants for asylum and other categories of noncitizens who are present within the borders of the United States. *See Mahamed C.A.*, 2025 WL 3771299,

---

[2] Respondents appear to have submitted the same Response twice, both on February 13, 2026 (Docket Nos. 10 and 11).

at *3.  Thus, for the same reasons articulated in *Herrera Avila* and *Romero Santuario*, the Court concludes that Petitioner's detention is not authorized by § 1225(b)(2).

To the extent Respondents argue that Alan C.E. is an "arriving alien" by virtue of his asylum application and thus subject to mandatory detention under 8 U.S.C. § 1225(b)(1)(B)(ii), the Court rejects this argument for the reasons stated in *Mervis E.A.M. v. Noem*, Civ. No. 26-861, 2026 WL 323636 (D. Minn. Feb. 6, 2026).  Section 1225(b)(1)(B)(ii) does not mandate detention of asylum seekers who have been present in the United States for years, like the Petitioner here.  *Mervis E.A.M.*, 2026 WL 323636 at *1; *see also Abdirashid H.M. v. Noem*, Civ. No. 25-4779, 2026 WL 127698, at *3 (D. Minn. Jan. 9, 2026).  Therefore, Alan C.E.'s detention is not authorized by 8 U.S.C. § 1225(b)(1).

The Court therefore turns to the proper remedy.  Where, as here, (1) Respondents erroneously assert that a detainee is being held pursuant to § 1225(b) and (2) Respondents have not produced a warrant, as is required to effectuate an arrest pursuant to § 1226(a), the appropriate remedy is release from custody.  *See, e.g.*, *Ahmed M. v. Bondi*, No. 25-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026); *Lauro M. v. Bondi*, No. 26-134, 2026 WL 115022, at *3 (D. Minn. Jan. 15, 2026); *cf. Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. . . . The typical remedy for such detention is, of course, release.").

The Court will grant Alan C.E.'s petition for writ of habeas corpus and order that he be released from custody.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner Alan C.E.'s Verified Petition for Writ of Habeas Corpus (Docket No. [1]) is **GRANTED**, as follows:

    a. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b).

    b. If Petitioner is being detained outside of Minnesota, Respondents shall **TRANSPORT** Petitioner to Minnesota and **RELEASE** Petitioner from custody immediately. Petitioner's release in Minnesota must occur **no later than 48 hours after the filing of this Order**.

    c. If Petitioner is being detained in Minnesota, Respondents shall **RELEASE** Petitioner from custody as soon as practicable, and **no later than 48 hours from the filing of this Order**.

    d. Given the severe weather conditions in Minnesota, Respondents are **ORDERED** to coordinate with Petitioner's counsel to ensure that upon Petitioner's release, they are not left outside in dangerous cold. It is preferable to release Petitioner to counsel to ensure humane treatment.

    e. Respondents must release Petitioner with all personal effects, such as driver's license, passports, or immigration documents, and **without conditions** such as location tracking devices.

    f. Respondents are **ENJOINED** from re-detaining Petitioner under this same statutory theory, absent materially changed circumstances.

    g. Both parties shall provide the Court with a status update concerning the status of Petitioner's release by **no later than 5:00 p.m. on February 17, 2026**.  Further, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation.

2. Petitioner's Emergency Motion for Contempt and to Enforce the Court's Order to Show Cause and Release Petitioner from Custody (Docket No. [4]) is **DENIED as moot**.

DATED: February 14, 2026  
at Minneapolis, Minnesota.  
Time: 4:40 p.m.

                                   *John R. Tunheim*  
                                   JOHN R. TUNHEIM  
                                   United States District Judge